# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD BOUTON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:23-CV-408 RLW |
| VALVOLINE, LLC, *d/b/a Valvoline Instant Oil Change 050032*, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Remand filed by Plaintiffs Donald and Patricia Bouton ("Plaintiffs"). (ECF No. 12). Valvoline, LLC ("Valvoline") opposes the motion. For the reasons that follow, Plaintiffs' motion to remand is granted.

## I. Background

This suit involves allegations that Valvoline, operating an instant oil change store, failed to refill the automatic transmission fluid in Plaintiffs' vehicle following an oil change and automatic transmission fluid replacement. On November 3, 2021, Plaintiff Donald Bouton filed a Petition against Valvoline in the Circuit Court of St. Louis County, Missouri, claiming violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020 et seq.

On March 27, 2023, an Amended Petition was filed that added a claim against Valvoline for violation of the Magnuson–Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, et seq. The Amended Petition also added Patricia Bouton as a plaintiff. On March 31, 2023, Valvoline removed the case to this Court based on the assertion that there is federal question jurisdiction under 28 U.S.C. § 1331, because Plaintiffs' MMWA claim raises a federal question. Valvoline also avers the Court has supplemental jurisdiction over the MMPA claim pursuant to 28 U.S.C. § 1367(a). Plaintiffs move for remand, arguing the Court lacks jurisdiction because the amount in

controversy requirement of the MMWA has not been met. Plaintiffs further argue the removal was untimely.

## II. Removal

Removal is a statutory right outlined in 28 U.S.C. § 1441 and governed by § 1446. Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 932 (8th Cir. 2012). A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court. See 28 U.S.C. § 1441(a); Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). Defendants seeking to remove a civil case from state court must file a Notice of Removal, which sets forth the grounds for removal. 28 U.S.C. § 1446(a).

As for timing, under the statute, the notice of removal "shall be filed within 30 days" from the time the defendant is served with the complaint. 28 U.S.C. § 1446(b)(1). But if the case is not initially removable when filed and it becomes subsequently removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The party seeking removal and opposing a motion to remand bears the burden of establishing the removal was proper and federal jurisdiction exists. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). Where subject matter jurisdiction is lacking or the removal was defective, the Court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c).

## III. Discussion

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal

2

and equitable relief." 15 U.S.C. § 2310(d)(1).  While the MMWA is a federal statute, not all MMWA claims can be brought in federal court.  MMWA claims must meet an amount in controversy threshold for federal jurisdiction to apply.  An MMWA claim cannot be brought in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in th[e] suit." 15 U.S.C. § 2310(d)(3)(B).  Valvoline, as the party invoking federal jurisdiction, has the burden to prove the requisite amount exists by a preponderance of the evidence.  Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005)

In the Amended Petition, Plaintiffs allege they spent $6,721.36 in diagnostic and repair costs fixing the damage to their vehicle that resulted from Valvoline's failure to refill the transmission fluid.  Plaintiffs also allege they spent $585.96 in rental car charges while their vehicle was undergoing repair.  Valvoline concedes that based on the damage calculations alleged in the Amended Petition, the amount in controversy is nowhere near the $50,000.00 threshold.  To meet the required amount, Valvoline urges the Court to include attorney's fees, which Plaintiffs request in their prayer for relief.  The parties agree, without the inclusion of attorney's fees, the amount in controversy required by the MMWA is not met.

While the Eighth Circuit has not yet addressed the issue, the undersigned and other judges in this district, as well as other circuit courts of appeals have found attorney's fees are excluded in calculating the amount in controversy for purpose of 15 U.S.C. § 2310(d)(1).  See Rowland v. Bissell Homecare, Inc., 73 F.4th 177, 185 (3d Cir. 2023) (attorney's fees are excluded from the calculation of the jurisdictional minimum necessary for a federal court's exercise of jurisdiction over an MMWA claim); Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014) (same); Ansari v. Bella Auto. Grp., Inc., 145 F.3d 1270, 1271 (11th Cir. 1998) (same); Saval v. BL Ltd., 710 F.2d 1027, 1032–33 (4th Cir. 1983) (same); Pierce v. Vroom, Inc., No. 4:22-CV-728 JAR,

3

2022 WL 6990590, at *3 (E.D. Mo. Oct. 12, 2022) ("attorney's fees are excluded from the calculation of the jurisdictional minimum necessary for a federal court's exercise of jurisdiction over an MMWA claim"); Miller v. Nissan N. Am., Inc., No. 4:18-CV-340 RLW, 2018 WL 4211370, at *3 (E.D. Mo. Sept. 4, 2018) (potential legal fees are not included in amount in controversy calculation of MMWA); Logan v. Valvoline LLC, No. 4:18-CV-373 CDP, 2018 WL 2163649, at *2 (E.D. Mo. May 10, 2018) (attorney's fees not included in calculation of the jurisdictional minimum necessary for a federal court's exercise of jurisdiction over MMWA claim); Mishra v. Coleman Motors, LLC, No. 4:16-CV-1553 PLC, 2017 WL 994868, at *3 (E.D. Mo. Mar. 15, 2017) (same); Stephens v. Arctic Cat Inc., No. 4:09-CV-2131 AGF, 2011 WL 890686, at *5 (E.D. Mo. Mar. 14, 2011) (same). But see Shoner v. Carrier Corp., 30 F.4th 1144, 1148 (9th Cir. 2022) ("We hold that attorneys' fees are not 'costs' within the meaning of the MMWA and therefore may be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes."); Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998) (in determining amount in controversy under Magnuson–Moss Act, attorney's fees are limited to those incurred at time of filing in federal court).

The Court will follow the courts that have held attorney's fees are not part of the calculation for determining the amount in controversy for a federal court to have jurisdiction over an MMWA claim. Consequently, the Court finds Valvoline fails to meet its burden of demonstrating the requisite amount in controversy under 15 U.S.C. § 2310(d)(1) has been met in this case. Removal was improper in that the Court does not have federal jurisdiction over Plaintiffs' MMWA claim, and Court lacks federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the basis upon which Valvoline removed the case. Finding the Court lacks subject matter jurisdiction, the Court need not address the timeliness issue raised in Plaintiffs' Motion to Remand, and the case must be remanded to state court pursuant to § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Donald and Patricia Bouton's Motion to Remand is **GRANTED.**  [ECF No. 12]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

An appropriate Order of Remand will accompany this memorandum and order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   31st   day of October, 2023.